# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs September 9, 2003

## STATE OF TENNESSEE v. TRAVIS PARSON

**Appeal from the Criminal Court for Shelby County**
**Nos. 01-07733 – 01-07736     Bernie Weinman, Judge**

---

**No. W2002-02743-CCA-R3-CD  - Filed March 3, 2004**

---

JOE G. RILEY, J., concurring in part and dissenting in part.

I agree with the majority opinion in all respects except its treatment of the consecutive sentencing issue. I would remand to the trial court for a determination of whether the two-year sentence for criminally negligent homicide and/or the yet-to-be-imposed sentence for aggravated assault should run consecutively to the twenty-year sentence for especially aggravated robbery.

I agree the trial court did not set forth the required findings relating to the imposition of consecutive sentences. However, I believe the trial court should have the opportunity upon remand to determine whether the defendant qualifies as a dangerous offender under Tennessee Code Annotated section 40-35-115(b)(4).

The record shows the defendant committed three misdemeanor offenses within four months prior to committing the present offenses. Those charges were pending when he committed the present offenses. Five years earlier, he had juvenile adjudications for vehicle theft and possession of a pistol on school property. The present offenses, especially aggravated robbery, aggravated assault, and criminally negligent homicide, were all violent offenses committed by the defendant with full knowledge that his co-perpetrator possessed and was shooting an assault rifle. Although the defendant was not the person who actually fired the bullets striking the two victims, he did deliberately fire his shotgun in the store where others were present. Despite the defendant's confession to authorities, he denied in his trial testimony any involvement whatsoever. He did not testify at his sentencing hearing.

In my view, there may well be a reasonable basis for the trial court to conclude the defendant is a dangerous offender because (1) the defendant's behavior indicated "little or no regard for life," Tenn. Code Ann. § 40-35-115(b)(4); (2) the defendant had "no hesitation about committing a crime in which the risk to human life [was] high," *id.*; (3) consecutive sentences would "reasonably relate to the severity of the offenses committed," State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995); and (4) "an extended sentence is necessary to protect the public," *id.* I would remand and allow the

trial court to determine, at the time of the sentencing hearing for aggravated assault, whether either or both of the sentences for aggravated assault and criminally negligent homicide should run consecutively to the sentence for especially aggravated robbery.  *See* State v. Pharez Price, No. M2002-01717-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 332, at *29 (Tenn. Crim. App. Apr. 11, 2003) (holding remand for redetermination of consecutive sentencing appropriate when appellate court reverses some of the convictions), *perm. to app. denied* (Tenn. 2003); State v. Perry Singo, No. M2001-00919-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 677, at **31-32 (Tenn. Crim. App. Aug. 9, 2002) (holding the same), *perm. to app. denied* (Tenn. 2002).


_____

JOE G. RILEY, JUDGE